```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

KIAZA LOCCENITT,                    :

                 Plaintiff,         :    11 Civ. 5651 (PAC)(HBP)

    -against-                       :    REPORT AND
                                         RECOMMENDATION
THE CITY OF NEW YORK,               :

                 Defendant.         :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY, United States District Judge,

I. Introduction

In a complaint filed on August 2, 2011 (Docket Item 2), plaintiff, pro se, brings this action for damages pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"). The City has moved to dismiss the complaint for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6) (Notice of Motion to Dismiss, filed Feb. 17, 2012 (Docket Item 13)).

For the reasons set forth below, I respectfully recommend that the City's motion to dismiss be granted in all respects.

II.   <u>Facts</u>

      Plaintiff, an inmate in the custody of the New York City Department of Correction and housed on Rikers Island, alleges that he has suffered from a number of maladies, and fear of contracting maladies, as a result of his alleged exposure to environmental pollutants.  Relying in principal part on an article in the <u>New York Daily News</u> which reported that several Corrections Officers assigned to Rikers Island had brought a lawsuit asserting similar claims (Complaint at 5[1]), plaintiff alleges that various substances in the soil on Rikers Island have either caused him harm or to suffer anxiety about contracting certain conditions in the future (Complaint at 6).  Specifically, plaintiff alleges he has been exposed to the following contaminants:  wood, plastic, "decaying organics," radon, formaldehyde gas, petroleum by-products, M.T.B.E., methane, alkalis, acids, "black gas," bacteria, mold, mildew, viruses, mites, pollen, animal dander, water borne lead, atmospheric lead and asbestos (Complaint at 6).  As a result of the alleged exposure, plaintiff claims to have suffered "post traumatic stress, sick building

---

[1] The complaint consists of the Court's form Section 1983 Prisoner Complaint and a three-page addendum inserted between pages three and four of the form complaint.  I cite to the pages of the complaint as if the complaint were a single, unified, serially-paginated document.

syndrome, shortness of breath, psychological and physical paranoia, back pains, headaches, stomach pain, skin rashes, & loss of hair" (Complaint at 3). Plaintiff also alleges that he received inadequate medical care for these conditions (Complaint at 3).[2]

III. Analysis

    A.    Standards Applicable to a Motion to Dismiss Pursuant to Rule 12(b)(6)

The standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) are well-settled and require only brief review.

> When deciding a motion to dismiss under Rule 12(b)(6), [the court] must accept as true all well-pleaded factual allegations of the complaint and draw all inferences in favor of the pleader. See City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986); Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977) (referring to "well-pleaded allegations"); Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). "'[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.'" Int'l Audiotext Network, Inc. v.

---

[2] Plaintiff's complaint is a ver batim copy of the complaint filed in Cepeda v. Bloomberg, 11 Civ. 2914 (WHP). The Honorable William H. Pauley, III, United States District Judge, dismissed that complaint based on the plaintiff's failure to exhaust inmate grievance procedures and the plaintiff's failure to state a claim. Cepeda v. Bloomberg, 11 Civ. 2914 (WHP), 2012 WL 75424 (S.D.N.Y. Jan. 4, 2012).

>   Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)
>   (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949
>   F.2d 42, 47 (2d Cir. 1991)).  The Court also may con-
>   sider "matters of which judicial notice may be taken."
>   Leonard T. v. Israel Discount Bank of New York, 199
>   F.3d 99, 107 (2d Cir. 1999) (citing Allen v. WestPoint-
>   -Pepperill, Inc., 945 F.2d 40, 44 (2d Cir. 1991)).  In
>   order to avoid dismissal, a plaintiff must do more than
>   plead mere "[c]onclusory allegations or legal conclu-
>   sions masquerading as factual conclusions."  Gebhardt
>   v. Allspect, Inc., 96 F. Supp. 2d 331, 333 (S.D.N.Y.
>   2000) (quoting 2 James Wm. Moore, Moore's Federal
>   Practice ¶ 12.34[a][b] (3d ed. 1997)).

Hoffenberg v. Bodell, 01 Civ. 9729 (LAP), 2002 WL 31163871 at *3 (S.D.N.Y. Sept. 30, 2002) (Preska, D.J.); see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007); Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 345-46 (S.D.N.Y. 2007) (Lynch, then D.J., now Cir. J.).

The Supreme Court has clarified the proper mode of inquiry for evaluating a motion to dismiss pursuant to Rule 12(b)(6), which uses as its starting point the principle that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

>   [I]n Bell Atl[antic] Corp. v. Twombly, 550 U.S. 544,
>   127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court
>   disavowed the well-known statement in Conley v. Gibson,
>   355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)
>   that "a complaint should not be dismissed for failure
>   to state a claim unless it appears beyond doubt that
>   the plaintiff can prove no set of facts in support of
>   his claim which would entitle him to relief."  550 U.S.
>   at 562.  Instead, to survive a motion to dismiss under

4

>Twombly, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Talley v. Brentwood Union Free Sch. Dist., No. 08-790 (DRH), 2009 WL 1797627 at *4 (E.D.N.Y. June 24, 2009).

>While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, internal quotations and alterations omitted).

In evaluating a motion under Rule 12(b)(6), the court must determine whether the plaintiff has alleged any facially plausible claims.  See Smith v. NYCHA, 410 F. App'x 404, 405-06 (2d Cir. 2011).  A claim is plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (citations omitted).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of

the line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, supra, 556 U.S. at 678, (internal quotations omitted).  Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, supra, 556 U.S. at 679, quoting Fed.R.Civ.P. 8(a)(2).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, supra, 556 U.S. at 678; see also Reed Const. Data Inc. v. McGraw-Hill Cos., Inc., 745 F. Supp. 2d 343, 349 (S.D.N.Y. 2010) (Sweet, D.J.).  As a result, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, supra, 556 U.S. at 679.

Where, as here, a plaintiff proceeds pro se, the complaint must be liberally construed to raise the strongest claims that the allegations suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  This rule applies "with particular stringency to

6

[pro se] complaints of civil rights violations."  Phillip v. Univ. of Rochester, 316 F.3d 291, 293-94 (2d Cir. 2003).

    B.   Defendant's Arguments

Plaintiff brings his suit as a prisoner complaint under the Civil Rights Act, 42 U.S.C. 1983.

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

In order to state a claim under Section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  Dwares v. City of N.Y., 985 F.2d 94, 98 (2d Cir. 1993); accord Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

The City argues that plaintiff's claims should be dismissed because he (1) failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), (2) fails to state a sufficient claim under the pleading standards of Iqbal v. Ashcroft, supra, 556 U.S. at

7

678, (3) fails to demonstrate the existence of an unconstitutional municipal policy or custom , and (4) fails to allege a claim rising to the level of a constitutional violation (Memorandum of Law In Support of Defendant's Motion to Dismiss, filed Feb. 17, 2012 (Docket Item 14) at 1).

>    1.   Plaintiff's Purported Failure
>         to Exhaust Administrative Remedies

Under the Prisoner Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). Where it appears from the face of the complaint that a plaintiff concedes lack of exhaustion, or non-exhaustion is otherwise apparent, a court may decide the exhaustion issue on a Rule 12(b)(6) motion. See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) (an affirmative defense may be raised in a Rule 12 (b)(6) motion, without resort to summary judgment, if the defense appears on the face of the complaint); McCoy v. Goord, 255 F. Supp. 2d 233, 250-52 (S.D.N.Y. 2003) (Chin, then D.J., now Cir. J.)  Because failure to exhaust is an affirmative defense, however, exhaustion need not be

pleaded in the complaint.  Jones v. Bock, 549 U.S. 199, 212 (2007).

Plaintiff states in his complaint that he has not exhausted his administrative remedies because his claims are "non-grievable" (Complaint at 7).  However, in his opposition, plaintiff describes the four-step grievance process the Department of Correction offers and claims he has complied with each step (Response in Opposition to Defendant's Motion to Dismiss, filed Apr. 2, 2012 (Docket Item 17), Point 1).  Because plaintiff is proceeding pro se, I may consider the statements in his opposition papers as amendments to the complaint.  See Washington v. James, F.2d 1134, 1138-39 (2d Cir. 1986).  Because it is not clear whether plaintiff has exhausted his administrative remedies, the City's motion should not be granted on the basis of this argument.

      2.   Plaintiff's Failure
          to State a Claim

Even assuming plaintiff exhausted his administrative remedies, "dismissal would [still] be appropriate because the [c]omplaint makes only conclusory allegations devoid of any facts suggesting a plausible claim." Cepeda v. Bloomberg, supra, 2012 WL 75424 at *2 citing Ashcroft v. Iqbal, supra, 556 U.S. at 678.  In Cepeda v. Bloomberg, Judge Pauley dismissed an identical

9

complaint from another inmate on Rikers Island because he found, inter alia, that "[t]he Daily News article is not an adequate factual basis for Cepeda's claim that toxins have harmed him.  It simply reports about another lawsuit where corrections officers made certain allegations against the City of New York."  2012 WL 75424 at *2.  Cepeda had failed to state factually plausible allegations that "current conditions at Rikers are harmful."  Cepeda v. Bloomberg, supra, 2012 WL 75424 at *2.  Plaintiff states that Rikers Island was built on a landfill (Complaint at 6), and that an environmental report has shown that Rikers Island was built on a hazardous waste dump site (Response in Opposition to Defendant's Motion to Dismiss, supra, at Point 3).  Both statements, even if true, do not automatically mean conditions on Rikers Island are currently harmful.  Furthermore, the complaint does not "imply that any toxic exposure caused or contributed to his condition."  Cepeda v. Bloomberg, supra, 2012 WL 75424 at *2.  No facts are alleged linking any of plaintiff's alleged conditions to any of the alleged environmental toxins; all the complaint offers are plaintiff's ipse dixit pronouncements.  Such conclusory statements do not satisfy Twombly.  In re Digital Music Antitrust Litig., 812 F. Supp. 2d 390, 402 (S.D.N.Y. 2011) (Preska, D.J.); Fried v. LVI Servs., Inc. 10 Civ. 9308 (JSR), 2011 WL 2119748 at *5 (S.D.N.Y. May 23, 2011) (Rakoff, D.J.)

10

("[C]onclusory, ipse dixit assertions are insufficient to satisfy the pleading standards of [Twombley and Iqbal.]")

Accordingly, the complaint fails to allege facts sufficient to state a claim.

### 3. Plaintiff Fails to Establish A City Policy or Custom

Even assuming plaintiff's complaint did pass the plausibility standard, his claims should be dismissed because he fails to allege a custom or policy that could support municipal liability pursuant to Section 1983. Plaintiff alleges that the City violated his constitutional rights under the Eight Amendment (Complaint at 6) when the City, through an allegedly long-standing policy, caused him to fear toxic exposure and to suffer from a number of maladies. Plaintiff also claims the City denied him proper medical attention.[3]

---

[3] None of plaintiff's allegations identify any individual who was personally involved in the alleged exposure to environmental pollutants and the alleged failure to provide adequate medical care for plaintiff's maladies. Because there is no respondeat superior liability under Section 1983, Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), citing, inter alia, Connick v. Thompson, --- U.S. ----, 131 S.Ct. 1350, 1359 (2011), Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986), and Roe v. City of Waterbury, 542 F.3d 31, 36-37 (2d Cir. 2008), plaintiff's claim against the City can proceed, if at all, only as a Monell claim.

11

The conditions under which a municipality may be held liable under Section 1983 were succinctly summarized by the Honorable John F. Keenan, United States District Judge, in Gunderson v. City of New York, 96 Civ. 510 (JFK), 1999 WL 76901 at *3 (S.D.N.Y. Feb. 16, 1999):

> A municipality may only be held liable for the acts of its employees if the municipality itself was somehow at fault. See Oklahoma City v. Tuttle, 471 U.S. 808, 810, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); Monell v. Department of Social Servs., 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish municipal liability, plaintiff must prove: (1) the existence of a municipal policy or custom that caused plaintiff's injuries; and (2) "a causal connection . . . between the policy and the deprivation of his constitutional rights." Vippolis v. Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 685 (1987) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 & n. 8, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). Plaintiff must establish that the identified municipal policy was the "moving force [behind] the constitutional violation." Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (quoting Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Municipal liability may not be predicated on a theory of respondeat superior. See Monell, 436 U.S. at 694-95.

See also DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998); Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 122-23 (2d Cir. 1991); Mejia v. N.Y.C. Dep't of Corr., 96-CV-2306 (JG), 1999 WL 138306 at *2 (E.D.N.Y. Mar. 5, 1999).

A policy that can subject a municipality to liability under Section 1983 may be tacit or explicit.

> A municipal policy or custom may be pronounced or tacit in either action or inaction. In the latter respect, a "city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution." Connick v. Thompson, 131 S.Ct. at 1360 (internal quotations omitted); see also City of Canton v. Harris, 489 U.S. at 396, 109 S.Ct. 1197 (O'Connor, J., concurring in part and dissenting in part) ("Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of Monell are satisfied.")

Cash v. County of Erie, supra, 654 F.3d at 334.

To the extent the complaint can be construed to allege that the City employed a tacit policy of inaction by not correcting the allegedly harmful conditions and knew or should have known that its omission would lead to (and was the "moving force" behind) plaintiff's harm, plaintiff's claims still lack merit. While a municipality has an "affirmative duty to protect those held in their custody," Villante v. Dep't of Corr., 786 F.2d 516, 519 (2d Cir. 1986); cf. Deshaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989) ("[W[hen the State takes a person into its custody and holds him against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general wellbeing.") Cash v. County of Erie, supra, 654 F.3d at 335, plaintiff points to no facts that were available to the City that put it on notice that

13

its inaction to correct the allegedly harmful conditions would lead to the harm plaintiff alleges.  Plaintiff does no more than cite the Daily News article about a different lawsuit and state that Rikers Island is built on a landfill (Complaint at 6) and hazardous waste dump site (Response in Opposition to Defendant's Motion to Dismiss, supra, at Point 3).  Plaintiff then merely states that the Mayor and various City employees "make policy for the municipality," "create, orchestrate, and institute customs and practices," and "that this custom and practice is widespread and long existing" (Complaint at 6).  Bald conclusory allegations do not amount to the actual existence of a custom or policy, be it pronounced or tacit.  See Dwares v City of N.Y., supra, 985 F.3d at 100-01 ("mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.").

Additionally, there is nothing in plaintiff's papers here that even remotely suggests that a municipal custom or policy was the "moving force" behind the alleged failure to provide proper medical attention to plaintiff.  Plaintiff merely states the City "must afford the necessary medical needs to the plaintiff" (Complaint at 5) and baldly alleges he received improper medical attention (Complaint at 3).  Such an allegation,

14

even if true, does not allege conduct undertaken pursuant to a custom or policy.

Accordingly, plaintiff's Monell claims against the City should be dismissed.  See Brickhouse v. City of N.Y., 09 Civ. 9353 (NRB), 2010 WL 3341845 at *2 (S.D.N.Y. Aug. 16, 2010) (Buchwald, D.J.) (dismissing claim against City of New York because "plaintiff . . . has pointed to no policy, custom, or practice on the part of the City that might have caused his alleged constitutional injuries"); Moore v. City of N.Y., 08 Civ. 8879 (PGG), 2010 WL 742981 at *6 (S.D.N.Y. Mar. 2, 2010) (Gardephe, D.J.) (same).[4]

## IV. Conclusion

For all the foregoing reasons, I respectfully recommend that the motion to dismiss made by defendant The City of New York (Docket Item 13) be granted in its entirety. If accepted, this Report and Recommendation will result in the dismissal of all claims against the City of New York.

---

[4] Because plaintiff has failed to state a plausible claim or establish any municipal policy or custom under which the City may be liable, I need not reach the City's last argument that Plaintiff failed to allege a claim rising to the level of a constitutional violation.

V.   Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6(a) and 6(d).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 735, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Crotty.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d

55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       July 30, 2012

                                      Respectfully submitted,

                                      HENRY PITMAN
                                      United States Magistrate Judge

Copies mailed to:

Mr. Kiaza Loccenitt
ID # 875-1002-495
Rikers Island
09-09 Hazen Street
East Elmhurst, New York 11370

John M. Buhta, Esq.
NYC Law Department
100 Church Street Rm. 2-164
New York, New York   10007