USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 4, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
KIAZA LOCCENITT,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　　　:　　11 Civ. 5651 (PAC) (HBP)
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　- against -　　　　　　　　　　　　　　:　　<u>ORDER ADOPTING R&R</u>
　　　　　　　　　　　　　　　　　　　　　　　　:
THE CITY OF NEW YORK,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

　　　　On August 2, 2011, <u>pro se</u> Plaintiff Kiaza Loccenitt ("Plaintiff") instituted this 42 U.S.C. § 1983 action against the City of New York ("Defendant"), claiming that he suffered from a number of maladies, and fear of contracting maladies, as a result of his alleged exposure to environmental pollutants on Rikers Island.

　　　　On February 17, 2012, Defendant moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's complaint, arguing that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff's allegations are insufficient to state a claim; (3) Plaintiff failed to allege a claim rising to the level of a constitutional violation; and (4) Plaintiff failed to establish a City policy or custom. On July 30, 2012, Magistrate Judge Henry B. Pitman, issued a Report & Recommendation ("R&R"), recommending that the Court grant Defendant's motion to dismiss.

　　　　Plaintiff did not file objections, and thus the Court reviews the R&R for clear error. Finding no clear error, the Court adopts the R&R in its entirety and dismisses Plaintiff's complaint.

1

**I.     Facts**[1]

Plaintiff claims that he was exposed to numerous contaminants at Rikers Island, which caused him to experience "post traumatic stress, sick building syndrome, shortness of breath, psychological and physical paranoia, back pains, headaches, stomach pain, skin rashes, & loss of hair." Plaintiff also claims he was not provided adequate medical attention for these conditions.

Plaintiff's copy cat allegations derive in large measure from an article in the New York Daily News, which reported that several Corrections Officers assigned to Rikers Island had brought a lawsuit asserting similar claims. Plaintiff's complaint is also a verbatim copy of a complaint filed in Cepeda v. Bloomberg, 11 Civ. 2914 (WHP), which was dismissed on the City's motion.

**II.    Magistrate Judge Pitman's R&R**

   A.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Id. Pleadings of a pro se plaintiff are held to a less stringent standard and should be construed liberally "to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

---

[1] All facts are taken from the R&R unless otherwise noted.

B. <u>Plaintiff's Failure To Exhaust Administrative Remedies</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense, and thus it need not be pleaded in a complaint. See <u>Jones v. Bock</u>, 549 U.S. 199, 212 (2007). Where the affirmative defense is apparent from the face of the complaint, however, a court may decide the exhaustion issue on a Rule 12(b)(6) motion. See <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 74 (2d Cir. 1998).

In his complaint, Plaintiff claims that he had not exhausted his administrative remedies because his claims are "non-grievable." In his opposition brief, however, he argues that he has satisfied the four-step grieving process. Since Plaintiff is proceeding <u>pro se</u>, Magistrate Judge Pitman liberally construed Plaintiff's new allegations in his opposition brief as amending his complaint. See <u>Washington v. James</u>, F.2d 1134, 1138-39 (2d Cir. 1986). Magistrate Judge Pitman thus determined that "it is not clear whether plaintiff has exhausted his administrative remedies," and recommended that the Court deny Defendant's exhaustion defense at this juncture. (R&R 9.)

C. <u>Plaintiff's Failure To State A Claim</u>

In <u>Cepeda v. Bloomberg</u>, 2012 WL 75424, at *2 (S.D.N.Y. Jan. 4, 2012), which plaintiff copied word for word, District Court Judge Pauley held that "[e]ven if [Plaintiff] exhausted his remedies, dismissal would be appropriate because the Complaint makes only conclusory allegations devoid of any facts suggesting a plausible claim." "The <u>Daily News</u> article is not an adequate factual basis for [Plaintiff's] claim that toxins have harmed him." <u>Id.</u> Moreover,

3

plaintiff failed to plausibly allege "that current conditions at Rikers are harmful" or "any toxic exposure caused or contributed to" his purported medical conditions.  Id.

For the same reasons, Plaintiff's complaint is also insufficient.  While Plaintiff claims that Rikers Island was built on a landfill or a hazardous waste dump site, this "do[es] not automatically mean conditions on Rikers Island are currently harmful."  (R&R 10.)  Furthermore, Plaintiff failed to allege any facts linking his alleged medical conditions to any of the alleged environmental toxins.  Magistrate Judge Pitman determined that "all the complaint offers are plaintiff's ipse dixit pronouncements," which are insufficient to plausibly state a claim.  (Id.)  Accordingly, he recommended the Court grant Defendant's motion to dismiss for failure to state a claim.

    D.  Plaintiff's Failure To Allege A City Policy of Custom

Alternatively, Magistrate Judge Pitman recommended that the Court grant Defendant's motion to dismiss for failure to allege a custom or policy that supports municipal liability under Section 1983.

Municipalities are subject to Section 1983 liability only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."  Connick v. Thompson, --- U.S. ---, 131 S.Ct. 1350, 1359 (2011) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 692 (1978)).  To establish municipal liability, plaintiff must prove: (1) the existence of a municipal policy or custom that caused plaintiff's injuries; and (2) "a causal connection . . . between the policy and the deprivation of his constitutional rights."  Vippolis v. Haverstraw, 768 F.2d 40, 44 (2d Cir.1985), cert. denied, 480 U.S. 916 (1987).  In other words, a "plaintiff must demonstrate that, through its deliberate conduct, the municipality

4

was the 'moving force' behind the alleged injury." Roe v. City of Waterbury, 542 F.3d 31, 36-37 (2d Cir. 2008).

"A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. Cnt'y of Erie, 654 F.3d 324, 333-34 (2d Cir. 2011). "In the latter respect, a 'city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution.'" Id. (quoting Connick, 131 S.Ct. at 1360 (internal quotation marks omitted)).

Magistrate Judge Pitman liberally construed Plaintiff's complaint as alleging Defendant employed a tacit policy of inaction by not correcting the allegedly harmful environmental conditions, which it knew or should have known would lead to Plaintiff's harm. (R&R 13.) Magistrate Judge Pitman nonetheless concluded that Plaintiff's claim was without merit because Plaintiff "points to no facts that were available to the City that put it on notice that its inaction to correct the allegedly harmful conditions would lead to the harm plaintiff alleges." (Id. 13-14.) Moreover, while Plaintiff alleged that the Mayor and various City employees "make policy for the municipality," "create, orchestrate, and institute customs and practices," and "that this custom and practice is widespread and long existing," Magistrate Judge Pitman determined that such "[b]ald conclusory allegations do not amount to the actual existence of a custom or policy, be it pronounced or tacit." (Id. 14.) Magistrate Judge Pitman further determined that Plaintiff had not alleged any facts that "remotely suggest[] that a municipal custom or policy was the 'moving force' behind the alleged failure to provide medical attention to plaintiff." (Id.)

Accordingly, Magistrate Judge Pitman recommended that the Court dismiss Plaintiff's claims for failure to allege municipal liability. (Id. 15.)[2]

### III.  Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party makes a timely "specific written objection," the district court is obligated to review the contested issues *de novo*. Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y. 1997). The Court, however, may adopt those portions of the recommendation to which there is no "specific, written objection," as required under Fed. R. Civ. P. 72(b), as long as those sections are not clearly erroneous. Id.

Plaintiff did not file any objections to the R&R. The Court thus reviewed the R&R for clear error and finds none. Accordingly, the Court adopts the R&R in its entirety.

### CONCLUSION

The Court adopts Magistrate Judge Pitman's R&R in its entirety and GRANTS Defendant's motion to dismiss. The Clerk of Court is directed to terminate this motion and close this case.

Pursuant to 28 U.S.C. § 1915(a)(3), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
September 4, 2012

SO ORDERED

*Paul A. Crotty* (signature)

PAUL A. CROTTY
United States District Judge

---

[2] Having recommended dismissal on two separate grounds, Magistrate Judge Pitman did not address Defendant's argument that Plaintiff's allegations do not rise to the level of a constitutional violation. (R&R 15 n.4.)

6

Copies to:   Mr. Kiaza Loccenitt
ID # 875-1002-495
Rikers Island
09-09 Hazen Street
East Elmhurst, New York 11370